In this partition suit the sole question is as to whether the defendants are to be charged with the rental value of the premises described in the bill of complaint. The parties are tenants in common of the premises, having inherited them on the death of their mother in 1940. It is, of course, well settled that since all tenants in common have an equal right to the use of the land, occupancy by one or more of them does *Page 380 
not subject them to a charge for the rental value, unless there has been an ouster by them of their fellow tenants in common.Tolen v. Tolen, 96 N.J. Eq. 496 (citing numerous cases).
The decision here, therefore, depends on whether there was such an ouster, as contended by complainants. I do not consider that the evidence sustains this contention. The defendants were living in the premises with their mother at the time of her death and continued to do so thereafter. There was evidence that the complainant Charles L. Jager had been asked to leave the premises, but this was during his mother's lifetime and could have no legal effect on the present situation, although it would tend to show that there was a certain amount of ill feeling among the parties. This complainant continued to live on the premises and never made any attempt to join the defendants in their occupancy. He did make an effort to bring about a sale of the premises, and upon the refusal of the defendant Katherine Jager to join in the deed brought this suit. Under the circumstances, I do not consider that this constituted such an ouster as would entitle him to charge defendant with the rental value of the premises. It is conceded that defendants are chargeable with rents collected by them for a garage on the premises, and, likewise, that complainant Charles L. Jager is chargeable with such sums collected by him on another property in Ridgefield, partition of which is sought in the counter-claim filed herein.
A decree will be advised accordingly. *Page 381